SMITH, State Supt. of Banks, Respondent, v. EVEN, Appellant.

(220 N. W. 878.)

(File No. 6276. Opinion filed August 10, 1928.)

370

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Roy E. Willy* and *Hugh S. Gamble,* both of Sioux Falls, for Respondent.

BROWN, J. On September 29, 1920, defendant, William Even, and his son, N. W. Even, executed a note to Farmers' Bank of Humboldt for $1,350, the proceeds of which were used to purchase an undivided one-half interest in some farming equipment from W. W. Tosaw; N. W. Even and Tosaw having agreed to conduct farming operations in partnership. To secure William Even for signing the note, a bill of sale of this one-half interest was made to him. The bill of sale was drawn up by an officer of the bank, and it was understood by the bank that, if this undivided one-half interest in the farm equipment should be sold, the proceeds should be applied on this note. On April 7, 1921, a new note was given by the Evens for $1,850, which included a renewal of the $1,350 note, and the $1,850 note was renewed from time to time thereafter.

On October 31, 1921, N. W. Even's one-half interest in the farm equipment was sold for $1,391, and the purchaser's check for that amount, payable to N. W. Even, was left in the bank. The bank procured the money on the check, apparently without Even's indorsement, and applied it on a debt of N. W. Even and W. W. Tosaw; none of it being applied on the note of William and N. W. Even. After the bank had applied this $1,391 on the indebtedness of N. W. Even and Tosaw, William Even gave renewal notes a number of times in renewal of the $1,850 note, the last of which was dated December 17, 1923, due July 27, 1924, for $2,050, with interest at 6 per cent, payable semi-annually, which is the note sued on in this action.

■ The court instructed the jury that, when the $1,391 was procured by the bank, it was the duty of the bank to apply the money on the 1,350 note, or renewal thereof, which Even had signed as surety for his son, and further instructed that, if William Even knew that the bank had applied this money to indebtedness other than the note which he had signed, and thereafter gave other notes in renewal of that note, he would be held to have waived any objection to the application made by the bank, and to have consented thereto. No objection was taken by either party to the instructions, and they are therefore the law of the case. The jury found for the plaintiff on all the issues, and from judgment entered on the verdict, and an order denying a new trial, William Even appeals.

■ Appellant contends that there is no evidence that prior to the commencement of this action he knew the $1,391 had been misapplied, and that therefore the evidence is insufficient to justify the verdict. We cannot concur in this view. Appellant's own testimony shows that in October, 1921, he knew that Nick's interest in the property had been sold, and that settlement for it had been made in the Farmers' Bank at Humboldt. He says that the money was supposed to be applied on the note signed by him and Nick, but, if it had been so applied, the balance left due on that note would have been reduced to an amount in the neighborhood of $500. Yet on November 19, 1921, he gave a new note for $2,052, which was renewed from time to time until it eventuated in the note sued on for $2,050.

When asked how he came to sign the new note for $2,052 he answered: "Because we needed some more money." At other places in his testimony, appellant said that he made no inquiry as to why the $1,391 was not applied on his note, and that he did not know that it had not been so applied until after this suit was started. The cashier of the bank testified that about January 27, 1922, some controversy having arisen over the application of this $1,391, a mortgage and note for $2,090, executed by Lon J. Merrigan and wife, were turned over to appellant as security for the note he had signed with his son; this mortgage having originally run to N. W. Even. Appellant and N. W. Even testified that this was to secure three other notes on which appellant had become liable on account of N. W. Even.

But there was sufficient evidence to warrant submission of the case to the jury, and the verdict in favor of plaintiff, approved by the trial court by its refusal to grant a new trial, should not be disturbed by this court. We have examined the various assignments of error relating to admission and exclusion of evidence on the trial, and are satisfied that no error prejudicial to appellant was committed in the reception and exclusion of evidence.

■ Appellant contends that it was understood, at the time that the note sued on was executed, that it should be renewed from time to time, or carried, until the Lon Merrigan note became due in December, 1925, and that therefore this action was prematurely commenced, and his motion for a directed verdict on that ground should have been sustained. The note by its terms was payable on a specified date, July 27, 1924, and oral evidence to vary or contradict this was not admissible. The court did not err in denying the motion.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY and CAMPBELL, JJ., concur.

SHERWOOD, J., not participating.